Michail Z. Hack(MH-6127)
Quadrino & Schwartz, P.C.
666 Old Country Road - Ninth Floor
Garden City, NY 11530

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ADRIENNE L. THOMAS,                              :
                                                 :    **COMPLAINT**
                    Plaintiff,                   :
                                                 :    **JURY TRIAL**
                                                 :    **DEMANDED**
         - against -                             :
                                                 :
THE PAUL REVERE LIFE INSURANCE COMPANY,          :
                                                 :
                    Defendant.                   :
------------------------------------------------------------------X

Plaintiff, Adrienne L. Thomas, by and through her attorneys, Quadrino & Schwartz, P.C., as and for her complaint against Defendant, The Paul Revere Life Insurance Company ("Paul Revere"), hereby sets forth the following:

### THE PARTIES

1.    At all times hereinafter mentioned, Plaintiff Adrienne L. Thomas was and is a resident of the State of New York.

2.    Upon information and belief, at all times hereinafter mentioned, Defendant Paul Revere is a corporation organized and existing under the laws of the State of Massachusetts at 18 Chestnut Street, Worcester, Massachusetts.

## JURISDICTION

3. Jurisdiction is founded on 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.00 exclusive of costs.

4. Defendant Paul Revere resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject itself to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(3) and § 1391(c) this action is properly venued in the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

6. Plaintiff repeats and reiterates the allegations contained in Paragraphs 1 through 5 as if fully set forth herein.

7. On or about January 1, 1992, Defendant Paul Revere issued to Plaintiff a business overhead expense disability policy of insurance bearing number 01025349760.

8. Said policy of insurance provides, among other things, that business overhead expense payments will be made to Plaintiff for covered monthly business expenses incurred in the operation of her business or profession in the event that she becomes totally disabled due to injury or sickness.

9. With exercised future increase options, the policy provides that monthly benefits are payable to Plaintiff in the amount of the monthly expenses incurred, up to Eighteen Thousand Five Hundred $18,500.00 Dollars per month, payable for thirty (30) months, for as long as Plaintiff remains totally disabled and such expenses are incurred.

10. The policy further provides that in the event of Plaintiffs total disability, Defendant shall waive all premiums during the term of total disability, subject to the applicable waiting periods.

11. Plaintiff paid any and all premiums as required by the policy of insurance.

12. On or about December 31, 2002, and during the period within which the policy of insurance was in full force and effect, Plaintiff became disabled within the meaning and pursuant to the terms of said policy.

13. As of this date, Plaintiff continues to be totally disabled in that she is unable to perform the important duties of her occupation and she is receiving physician's care.

14. Plaintiff filed a claim, cooperated with Defendant, Paul Revere, provided proper proof of loss and otherwise complied with the policy terms and conditions regarding the filing of a claim.

15. Despite Plaintiff's total disability, Defendant Paul Revere has refused to pay benefits as set forth in the policy.

16. Said refusal to pay benefits on the part of the Defendant is a willful and wrongful breach of the policy terms and conditions.

17. Monthly benefits are due and payable by Defendant Paul Revere through June 31, 2005.

18. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that she may have a declaratory judgment herein declaring the rights and other legal relationships of the parties hereto regarding the matters set forth in the Complaint and that the declaratory judgment shall specify the following:

A) Plaintiff is totally disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant;

B) Defendant was obligated to pay business overhead expense benefits to Plaintiff

pursuant to the policy and shall pay all benefits in arrears due and owing plus interest and consequential damages;

C) Defendant's obligation to pay business overhead expense benefits to Plaintiff continued from January 31, 2003 through June 31, 2005 pursuant to the policy, or through the maximum benefit amount of Four Hundred and Forty Four Thousand ($444,000.00) Dollars;

D) Plaintiff's premium payments are waived during the term of total disability;

E) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

F) Plaintiff has such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
July 27, 2005

By: _____
Michail Z. Hack (MH-6127)
Quadrino & Schwartz, P.C.
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

Attorneys for Plaintiff